# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAUL CAPUTO,

       Plaintiff,

vs.                                                                                                      No. CIV 05-321 JB/DJS

RIO RANCHO POLICE DEPARTMENT,
LEMUEL MARTINEZ, OFFICER J. MELTON,
MICHAEL BAKER, Chief of Police,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Lemuel Martinez' Motion to Stay, filed November 29, 2005 (Doc. 25); and (ii) Defendants Jeramy Melton and Michael Baker's Motion to Stay Discovery, filed January 13, 2006 (Doc. 40). The Court held a hearing on these motions on January 24, 2006. The primary issue is whether the Court should stay discovery proceedings until the Court has ruled on Martinez' motion to dismiss based on absolute immunity and Melton and Baker's motion for summary judgment based on qualified immunity. Consistent with the Court's ruling at the hearing on these motions, and for the reasons given at the time of the hearing, the Court will grant both motions.

## PROCEDURAL BACKGROUND

On March 24, 2005, Plaintiff Paul Caputo filed a Complaint against the Defendants, alleging that Martinez, the Sandoval County District Attorney, unlawfully threatened to prosecute him for impersonating a police officer if he did not support Martinez' reelection campaign to the District Attorney's Office. See generally Complaint, filed March 24, 2005 (Doc. 1). Caputo asserted that

Melton and Baker participated in the prosecution against him. See id. ¶¶ 28-37, at 5-6. The Complaint set forth claims of unlawful seizure, malicious prosecution, and a Monell v. Dep't of Social Services of New York, 436 U.S. 658 (1978), action against the Rio Rancho Police Department. See Complaint ¶¶ 22-42, at 4-7.

On November 29, 2005, Martinez filed a motion to dismiss on the ground of absolute prosecutorial immunity. See Defendant Lemuel Martinez' Motion to Dismiss and Supporting Memorandum at 2-4, filed November 29, 2005 (Doc. 24). That same day, Martinez filed his motion to stay all proceedings, including discovery, until the Court has ruled on his motion to dismiss. See Martinez Motion to Stay at 1-2. Before filing his motion, Martinez sought concurrence, but did not obtain it. See id. at 1. The other Defendants concur in Martinez' motion to stay, but request that, if the Court grants the motion, the order allow these Defendants to proceed with the filing of a motion for summary judgment. See Response to Motion to Stay ("Defendants' Response") at 1, filed November 29, 2005 (Doc. 26).

Caputo opposes Martinez' motion to stay discovery. Caputo contends that Martinez waited until after he deposed Caputo to file his motion to dismiss, thereby taking advantage of discovery against Caputo while denying Caputo discovery against him. See Plaintiff's Response in Opposition to Defendant Martinez' Motion to Stay Discovery ("Response to Motion to Martinez Stay") at 2, filed December 15, 2005 (Doc. 27). Caputo also argues that, if the Court stays discovery, then he will be unable to respond to a summary judgment motion against him. See id. at 2-3. Finally, Caputo argues that Martinez will suffer no hardship or inequity if a stay is denied. See id. at 3.

On January 4, 2006, Melton and Baker moved for summary judgment, asserting, in part, that they are entitled to qualified immunity. See generally Defendants Rio Rancho Police Department,

Officer J. Melton, and Michael Baker's Motion for Summary Judgment and to Dismiss, filed January 4, 2006 (Doc. 33); Defendants Rio Rancho Police Department, Officer J. Melton, and Michael Baker's Memorandum in Support of Their Motion for Summary Judgment and to Dismiss at 13-14, filed January 4, 2006 (Doc. 34). On January 13, 2006, Melton and Baker moved to stay discovery pending the Court's resolution of their qualified immunity defense. See Melton and Baker Motion to Stay at 1-2.

Caputo opposes Melton and Baker's motion to stay because the question whether there was a constitutional violation is what divides the parties on the qualified immunity defense, not whether the law was clearly established. See Plaintiff's Response to Defendants Melton & Baker's Motion to Stay Discovery ("Response to Melton & Baker Motion to Stay") at 2, filed January 20, 2006 (Doc. 46). Caputo maintains that he needs further discovery to survive summary judgment. See id. At the hearing, Caputo's counsel explained that a stay would prevent Caputo from deposing only one witness: Melton. See Transcript of Hearing at 23:1-8 (taken January 24, 2006).[1]

## LAW REGARDING IMMUNITY AND STAYS

Once a defendant asserts qualified immunity, the burden shifts, and "the plaintiff . . . [must] come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Ctr., Inc. v. Losavio, 847 F.2d 642, 645-46 (10th Cir. 1988)("The plaintiff carries the burden of convincing the court that the law was clearly established."). The Supreme Court of the United States "repeatedly has stressed the importance of resolving immunity

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991)(per curiam).  Accord Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987)(explaining that the Supreme Court "has emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation").  Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has emphasized that the trial court should resolve the issue before discovery if at all possible.  See Siegert v. Gilley, 500 U.S. 226, 231-33; Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982)("Until this threshold immunity question is resolved, discovery should not be allowed.").  Accord Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

## **ANALYSIS**

Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant both motions.  Both the Supreme Court and the Tenth Circuit have counseled that immunity issues should be resolved at the earliest possible stage of litigation because immunity protects against the burdens of discovery as well as trial.  Siegert v. Gilley, 500 U.S. at 231-33; Anderson v. Creighton, 483 U.S. at 646 n.6; Harlow v. Fitzgerald, 457 U.S. at 818-19; Jones v. City and County of Denver, 854 F.2d at 1211.  Requiring the Defendants to undergo further discovery, at this point, would undercut the purpose of such immunity, which is to protect defendants not only from liability but also the burdens of the litigation process.

Caputo remains free to argue, in opposition to the dispositive motions, that the Court should deny these motions because he needs discovery.  At this stage of the proceedings, where all discovery has been completed except the deposition of Melton, it makes sense to follow the Supreme Court's and Tenth Circuit's admonition to decide the immunity questions before discovery if possible.  If that is not possible, it will become more evident when the Court rules on the dispositive motions, and the

Defendants run the risk of the Court denying these motions because that remaining deposition is essential.

Caputo argues that the Court should not stay discovery, because the first prong of the test for qualified immunity – not the second – is at issue. Caputo does not, however, cite any good case law for the limitation on the Supreme Court and Tenth Circuit's general rule, and the Court has not found any. The only case to which Caputo cites – <u>Saucier v. Katz</u>, 533 U.S. 194 (2001) – does not discuss stays. Moreover, because most cases dispute the first prong, not the second, the limitation that Caputo suggests could, if adopted, swallow the general rule.

**IT IS ORDERED** that Defendant Lemuel Martinez' Motion to Stay and Defendants Jeramy Melton and Michael Baker's Motion to Stay Discovery are granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Herbert M. Silverberg
Mary Louise Boelcke
Silverberg Law Offices
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Randy S. Bartell
Carolyn A. Wolf
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

    *Attorneys for the Defendants City of Rio Rancho
      Department of Public Safety, J. Melton and Michael Baker*

Sean Olivas
Lynn Mostoller
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Lemuel Martinez*